**Eric M. LINDEN, Plaintiff-Appellant,**

v.

**EASTERN ASSOCIATED TERMINALS COMPANY, Defendant-Appellee.**

No. 73-2201

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 18, 1973.

Rehearing Denied Nov. 13, 1973.

Owen J. Bradley, New Orleans, La., for plaintiff-appellant.

J. Walter Ward, Jr., New Orleans, La., for defendant-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant was injured while walking across a spar barge owned by his employer, the appellee. He seeks to recover damages from his employer, despite the exclusive coverage provisions of applicable workmen's compensation legislation, on the theory that his injury resulted from breach of the vessel's warranty of seaworthiness. See Jackson v. Lykes Bros. S.S. Co., 1967, 386 U.S. 731, 87 S. Ct. 1419, 18 L.Ed.2d 488. The court below entered summary judgment for the employer on the grounds that the barge was not in navigation and thus extended no warranty of seaworthiness. We affirm.

The appellee operates barge docks. However, barges are not secured directly to its docks. Rather, they are secured to a row of floating spar barges which themselves are moored against the docks. The spar barge on which appellant was injured had no cargo bottom, had never been used by the appellee as other than a spar barge and, according to the appellee, was permanently committed to such use as a dock extension. While it conceivably was usable for carrying deck cargo, any movement of the barge would have required loosening numerous cables attaching the barge to the dock, to adjacent

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

spar barges, and to deadmen sunk in the river bottom. The only instance in which appellee had moved the barge was about nine months before appellant's injury and was for the exclusive purpose of repair.

In Roper v. United States, 1961, 368 U.S. 20, 23, 82 S.Ct. 5, 7 L.Ed.2d 1, 3, the Supreme Court stated that, "The test for determining whether a vessel is in navigation is the 'status of the ship' . . . . This is a question of fact, . . . and consequently reversible only upon a showing of clear error." Applying this standard we conclude that the district court was not clearly erroneous in finding that appellee's spar barge had been withdrawn from navigation. Therefore, the judgment of that court is

Affirmed.